ZORRILLA, PLAINTIFF AND APPELLANT, *v.* ORESTES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action for Performance of Contract.

No. 2207.—Decided July 15, 1920.

COSTS—ATTORNEY FEES—DISCRETION OF COURT.—It is necessary to conclude from the Act of March 12, 1908, and Act No. 38 of 1917, that the intention of the legislature was to make costs and fees in all cases a matter within the discretion of the trial court and that, as, therefore, section 328 of the Code of Civil Procedure was repealed, costs as a matter of course do not exist in Porto Rico.

ID.—DISCRETION OF COURT.—There is no abuse of discretion on the part of the court in refusing to allow costs to a party because the other party had filed and formally argued a demurrer to the complaint, when the latter submitted to the judgment after the demurrer was overruled.

The facts are stated in the opinion.

*Mr. J. S. Alegría* for the appellant.

*Messrs. A. A. Nava, F. de la Torre, J. Ramírez Santibañez* and *J. Martínez Dávila* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On January 30, 1920, the District Court of San Juan, Section 1, rendered judgment for the complainant without costs and he appealed, claiming such costs as a matter of right and subsidiarily maintaining that if there was a discretion there has been an abuse thereof by the district court. On December 16, 1919, and prior to the judgment, the appellant had made a motion asking for a judgment with costs and fees which the court had overruled in the exercise, as expressed by it, of its discretion. The appellant alleged error in the overruling of the motion and in the judgment. Both alleged errors involved the same legal questions. To sustain his theory that costs in this case are a matter of right the appellant cites section 328 of the Code of Civil Procedure.

Sections 327 and 330 and sections 328 and 331 as amended by the act of March 1, 1905, read as follows:

"Section 327.—The measure and mode of compensation of attorneys and counselors-at-law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.

"Section 328.—Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases:

"1. In an action for the recovery of real property.

"2. In an action to recover the possession of personal property.

"3. In an action for the recovery of money, other than those for the recovery of damages.

"4. In a special proceeding.

"5. In an action which involves the title or possession of real estate, or the legality of any tax, impost, assessment toll, or municipal fine."

"Section 330.—Cost must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in section 328, and in special proceedings.

"Section 331.—In other actions than those mentioned in section

328 of said Code of Civil Procedure, costs may be allowed or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court.''

However this may be, in 1908 the Legislature passed the following law:

''Section 1.—Sections 327 and 339 of the Code of Civil Procedure are hereby amended to read as follows:

'' 'Section 327.—Parties to actions or proceedings are entitled to costs and disbursements incurred by them subject to the rules hereinafter provided. In all cases where costs have been allowed to one party in an action or proceeding, if the subject matter exceeds five hundred dollars, said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered.'

'' 'Section 339.—Costs shall be claimed by the party to whom the same have been allowed, by filing with the clerk of the court, within ten days after the final judgment or decision, a memorandum of his costs and necessary disbursements in the action and of the amount of the fees of his attorney. Said memorandum must be verified by the oath of the party or his attorney. \* \* \* *Provided,* That nothing in this section shall be deemed to allow attorneys' fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding.'

''Section 2.—All laws or parts of laws in conflict with this Act are hereby repealed.''

Again, in 1917—Law No. 38—the Legislature passed the following act:

''Section 1.—That section 327 of the Code of Civil Procedure is hereby amended so as to read as follows:

'' 'Section 327.—Parties to actions or proceedings including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided:

" 'In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered.'

"Section 2.—That all laws or parts of laws in conflict herewith are hereby repealed."

We conclude from the law of 1908 and the law of 1917 that it was the clear intention of the Legislature to repeal all laws with respect to costs which were inconsistent with the provisions contained in section 327 as amended. In both the law of 1908 and the law of 1917 the Legislature says "in all cases" where costs have been allowed, etc., and it is further provided in each law that fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered, to be considered. We understand, and we always have understood, that the idea of the Legislature in passing the law of 1908 was to make costs and fees in all cases a matter within the discretion of the trial court. In other words, that the Legislature was seeking to make the matter of costs and fees practically what it had been in the local courts before 1904. It follows that section 328 of the Code of Civil Procedure was repealed and that costs "as a matter of course" do not exist in Porto Rico.

The appellant also stoutly maintains that there was an abuse of discretion in the trial court. This we cannot see. The appellee presented a demurrer to the complaint wherein they seriously argued that the option which they or their

predecessor had given could not be transferred to a third person and at the hearing of this case counsel for the appellees drew attention to other matters of law which did not seem to us frivolous. When the demurrer was overruled the defendants came in and submitted to judgment.

Under these circumstances we see no reason to interfere with the discretion of the court as exercised and the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.